**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

     v.                                                                05-MJ-62

**ANDREA DEBERRY,**

                **Defendant.**

---

## DECISION AND ORDER

The former defendant, Andrea DeBerry, appearing without legal counsel, has filed a motion for expungement of her criminal record. Ms. DeBerry asserts that she is fully rehabilitated and suggests that her misdemeanor conviction in this case for theft of government property makes it difficult for her to pursue "higher education" and "other career opportunities" and that on that basis her conviction should be expunged from her record.

As a preliminary matter, whether the Court has subject matter jurisdiction to expunge the record of a valid criminal conviction for equitable hardship is a substantial question. The Court need not address the question in detail because, on the facts before the Court, even if the Court has subject matter jurisdiction to entertain Ms. DeBerry's motion, her hardships are among the usual harsh consequences of a conviction and could not justify the extraordinary relief of judicial expungement that she seeks. For this reason, and for all the reasons that follow, Ms. DeBerry's motion for expungement is denied.

## BACKGROUND

On June 23, 2005, Ms. DeBerry waived her right to a trial, judgment and sentencing before a United States District Judge and consented to trial, judgment and sentencing before a United States Magistrate Judge. Thereafter, she pled guilty before me to a Misdemeanor Information charging her with one count of theft of government property, in violation of Title 18, United States Code, Section 641. On September 28, 2005, I sentenced Ms. DeBerry to a one year term of probation, to pay restitution of $645.00, and to pay a $25 special penalty assessment.

Ms. DeBerry submitted her *pro se* motion for judicial expungement of her criminal record on November 14, 2013, on the ground that her record makes it very difficult for her continue her education and to pursue other employment opportunities. Ms. DeBerry asserts that she is fully rehabilitated in that she has made full restitution, served her one-year term of probation without incident, obtained her General Educational Development degree/certificate ("GED"), her Certified Nursing Assistant degree ("CNA") and her Home Health Aide degree ("HHA") and that she is currently gainfully employed as a Home Health Aide. In support of her request, she states that she would like to have her criminal record expunged so that she may pursue higher education and other career opportunities. Based upon the motion filed by Ms. DeBerry, it appears that she has rehabilitated herself completely.

**DISCUSSION**

There is a substantial question whether the Court has ancillary jurisdiction or inherent power to expunge a valid judicial record of a conviction. Federal courts are courts of limited jurisdiction that "possess only that power authorized by Constitution and statute, which is not to be expanded upon by judicial decree." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). With the exception of certain very narrow areas, a federal court has no common-law power that has not been conferred by an express congressional grant of authority, *see Northwest Airlines, Inc. v. Transportation Workers Union*, 451 U.S. 77, 95-96 (1981), and has no power to grant relief except to adjudicate a right created by Congress, *Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001), or by the U.S. Constitution, *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 392-394 (1971).

This Court has no explicit Congressionally-granted statutory power or explicit Constitutional power to expunge a valid criminal record like Ms. DeBerry's. In 1977, the Second Circuit Court of Appeals held that federal courts do have limited equitable power ancillary to their jurisdiction over a criminal case to consider expunging an arrest record. *U.S. v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977). The Second Circuit stressed in *Schnitzer* that "courts must be cognizant that the power to expunge is a narrow one, and . . . should be reserved for the unusual or extreme case." 567 F.2d at 539 (quotation and citations omitted). Even the viability of the Second Circuit's finding in *Schnitzer* that courts have jurisdiction to expunge arrest records is subject to

question because of the U.S. Supreme Court's later decision in *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), which emphasizes the very limited nature of federal courts' ancillary jurisdiction. Other Courts of Appeals, including those in the First, Third, Sixth, Eighth, and Ninth Circuits, have ruled since *Kokkonen* was decided, that federal courts do not have authority to expunge criminal records. *See United States v. Coloian*, 480 F.3d 47 (1st Cir. 2007), *United States v. Dunegan*, 251 F.3d 477 (3d Cir. 2001), *United States v. Lucido*, 612 F.3d 871 (6th Cir. 2010), *United States v. Meyer*, 439 F.3d 855 (8th Cir. 2006), *United States v. Sumner*, 226 F.3d 1005 (9th Cir. 2000). The Second Circuit has not addressed the courts' authority to expunge criminal records since deciding *Schnitzer*. *But see Garcia v. Teitler*, 443 F.3d 202, 207 (2d Cir. 2006) (citing *Schnitzer* as an example of an exercise of ancillary jurisdiction in criminal cases).

The United States has not responded to Ms. DeBerry's motion to expunge her criminal record and, at this time, despite the substantial question concerning the Court's subject matter jurisdiction, no response is necessary. The hardships that Ms. DeBerry attributes to her conviction, primarily her suggestion that she is unable to pursue higher education and/or other career opportunities because of her criminal conviction are not the kind of unusual and extraordinary hardships that could justify the exercise of equitable jurisdiction to expunge the judicial record of the conviction. *See e.g.*, *United States v. James*, 1996 WL 312401, at *2 (S.D.N.Y. June 10, 1996)(the

potential adverse effect on [] future employment provides insufficient justification, *per se,* for the expungement of [an] arrest record.")

This Court is not unsympathetic to defendant DeBerry's hardships. But whatever equitable jurisdiction the Court may possess to address her hardships is strictly limited and the defendant's hardships, though real, are not enough to trigger an exercise of that jurisdiction. The Court acknowledges that Ms. DeBerry seems fully to have paid her debt to society.

## **CONCLUSION**

For all of the foregoing reasons, the November 14, 2013 motion of Andrea DeBerry to expunge her criminal record is denied.

**SO ORDERED.**

Dated:  Buffalo, New York
        December 19, 2013

                                        *s/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **UNITED STATES DISTRICT JUDGE**